## Philadelphia Plumbing Supply Co., Inc., v. D'Appollo

*Williams, Brittain & Sinclair*, for petitioner.
*John Alessandroni*, contra.

LEWIS, J., November 24, 1933.—On August 31, 1929, plaintiff obtained a judgment against the defendant in the sum of $289.35. On September 27, 1932, the defendant acquired title to premises 2043 South Darien Street, Philadelphia. On October 4, 1932, plaintiff issued a writ of sci. fa. to revive the judgment, the ostensible purpose being to extend the lien of the judgment to the after-acquired real estate. The writ of sci. fa. was at no time indexed in the clerk's index of judgments. On October 10, 1932, defendant conveyed the property to Gaetana Micona by deed recorded October 11, 1932. On October 21,

1932, judgment for want of an appearance was entered against defendant in the sci. fa. proceeding, which judgment was indexed on October 21, 1932.

Micona has filed a rule to show cause "why a decree should not be made declaring that the lien of the judgment entered in the above-entitled case shall not extend to the premises described in the within petition or affect the title thereof; and that said premises shall be released and forever discharged from said lien." While we discharged the rule because the proceedings did not conform to the provisions of section 2 of the Act of September 6, 1860, P. L. (1861) 840, counsel have since entered into a stipulation reinstating the rule and agreeing that we should dispose of the question raised by the property owner's petition and plaintiff's answer thereto, with the same force and effect as though an issue had been framed pursuant to the provisions of that act.

The question to be determined may thus be stated: Where, after the issuance of a writ of sci. fa. which is not indexed against defendant, and before the entry of judgment thereon, the defendant conveys the after-acquired real estate to a bona fide purchaser, does the latter take it free and clear of the lien of the judgment?

Section 1 of the Act of June 12, 1931, P. L, 506. provides: "When a scire facias is sued out upon any judgment of record, either for the purpose of reviving the lien thereof against the real estate of the person against whom the judgment is entered after such lien shall have been lost, or for the purpose of extending the lien thereof to the after acquired real estate of such person, the proceedings on such scire facias shall be as provided by law for such writs and shall be concluded without delay, and the lien shall be effective as of the date when the scire facias issued. All such writs of scire facias shall be properly indexed in the judgment docket."

It is conceded that had the sci. fa. been indexed as provided by the act, the lien of the original judgment would have been extended to the premises in question as of October 4, 1932, the date when the writ issued. It is argued, however, that plaintiff's failure to have the writ indexed renders the proceeding ineffective as an extension of the lien of the judgment to the premises in question as against Micona, the purchaser.

It has always been the policy of the law in our State to protect innocent purchasers against secret liens: Crouse et al. v. Murphy et al., 140 Pa. 335. The Act of April 22, 1856, P. L. 532, after asserting in its preamble the desirability of having titles to real estate certain and secure, proceeds, in section 3: "The lien of no judgment, recognizance, execution levied on real estate in the same or another county, or of writs of *scire facias* to revive or have execution of judgments, shall commence or be continued as against any purchaser or mortgagee unless the same be indexed in the county where the real estate is situated in a book to be called the judgment index; and it shall be the duty of the prothonotary or clerk forthwith to index the same according to priority of date, and the plaintiff shall furnish the proper information to enable him to perform said duty." These provisions have not been either expressly or by implication repealed by the Act of 1931, supra. On the contrary the last sentence of the Act of 1931 expressly recites that "All such writs of scire facias shall be properly indexed in the judgment docket." It seems clear that the lien of the judgment was not as against Micona extended to the premises in question as of the date the writ of sci. fa. was issued, because the writ was not indexed in the judgment index in accordance with the express mandate of the statute. It should be noted in passing that there is no suggestion in this case of any fraud or collusion participated in by the petitioner.

Had the writ been properly indexed when issued, it would have enabled the petitioner to learn that there was a proceeding pending which, when properly prosecuted, would be an encumbrance against the property which he was about to purchase. The legislature obviously intended that, if a writ of sci. fa. is properly indexed, constructive notice of its existence is thereby given to all the world, but the most diligent search of the index of judgments against his vendor, and a thorough investigation, would not have disclosed the existence of any judgment affecting the title to the property conveyed or any proceeding which might ripen into a lien against such property. The petitioner was entitled to rely on what appeared in the judgment index. It is clearly the intention of the Act of 1931 that the judgment index must contain such information, in order that the petitioner may ascertain therefrom that there is a lis pendens affecting the property at the time of the conveyance. And just as it is a matter for a creditor to see to it that his judgment is properly indexed: Ridgway, Budd & Co.'s Appeal, 15 Pa. 177; Smith's Appeal, 47 Pa. 128; so it is likewise his duty to see to the proper indexing of any writ issued for the purpose of effecting a lien against after-acquired real estate. The plaintiff failed in this particular. While it may work a hardship upon it, it is the result of its own neglect. We are of the opinion that the judgment is not a lien upon the real estate in question.

And now, November 24, 1933, it is adjudged and decreed that the judgment entered in this case is not a lien against premises 2043 South Darien Street, Philadelphia, described in paragraph 1 of the petition, and conveyed by defendant to petitioner by deed dated October 10, 1932, and recorded October 11, 1932, in Deed Book J. M. H., no. 3559, page 441, etc.